**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ALFONSO RAFAEL MUNOZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03412-SHL-cgc |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Alfonso Rafael Munoz's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed October 22, 2026. (ECF No. 1.) Petitioner is a citizen of Venezuela who challenges his continued immigration-related detention in the West Tennessee Detention Facility without a bond hearing as violative of his Fifth Amendment due process rights. (Id. at PageID 7.) Respondent responded on October 30, 2026. (ECF No. 8.) Petitioner replied on November 6, 2026. (ECF No. 9.)

Respondent first contends that Petitioner has failed to exhaust administrative remedies, so the Court should deny his petition. (ECF No. 8 at PageID 48.) Second, Respondent contends that, Mr. Rafael Munoz's detention is governed by 8 U.S.C. § 1225 because Petitioner is an arriving alien and is thus subject to mandatory detention without a bond hearing. (Id. at PageID 52–53.) Petitioner disagrees and asserts that his detention is governed by 8 U.S.C. § 1226, particularly because he has remained at liberty in the interior United States for more than three years. (ECF No. 9 at PageID 64, 67.)

As discussed below, because (1) there is no indication that Petitioner is presently in

expedited-removal proceedings, and thus his immigration detention is governed by 8 U.S.C. § 1226 and the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), and (2) Petitioner is excused for his failure to exhaust administrative remedies, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Venezuela who in September 2023 entered the United States through the port of entry in El Paso, Texas where he was inspected and paroled into the United States. (ECF No. 1 at PageID 10.) Upon his entry, he was served with a Notice to Appear, then placed in full removal proceedings. (ECF No. 9 at PageID 65; ECF No. 8-1 at PageID 56.) For more than three years, his removal case has been pending, and he has lived in Cordova, Tennessee. (ECF No. 9 at PageID 6.)

In October 2026, ICE arrested Petitioner upon his release from jail in Shelby County, having been arrested by local police. (ECF No. 8 at PageID 49.) Respondent subsequently transferred him to the West Tennessee Detention Facility, where he has since remained in custody without a bond hearing.

Petitioner filed the instant Petition on October 22, 2026. (ECF No. 1.) He challenges his mandatory detention without bond at the West Tennessee Detention Facility under 8 U.S.C. § 1225 as violative of the Immigration and Nationality Act and the Fifth Amendment and seeks immediate release. (Id. at PageID 2–6.) The Parties' arguments are considered in more detail below.

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility and seeks immediate release from Respondent's custody, or an individualized bond hearing.

(ECF No. 8 at PageID 53.) He argues that Respondent unlawfully purports to detain him under 8 U.S.C. § 1225, and that he has been denied a bond hearing in violation of his due process right to such a hearing under 8 U.S.C. § 1226. (ECF No. 1 at PageID 7.)

First, Respondent argues that the Court should deny the Petition because Petitioner "failed to exhaust his administrative remedies." (ECF No. 8 at PageID 48.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Second, Respondent seeks to distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 8.) According to Respondent, Lopez-Campos "does not control the outcome in this matter" because Petitioner is subject to 8 U.S.C § 1225(b)(2)(A)'s mandatory detention scheme as an "arriving alien," not § 1226(a) as a noncitizen. (Id. at PageID 53–54.) Respondent argues that Petitioner's case is different from the Lopez-Campos' petitioners, who "spent 'significant time…within the interior of the United States,' 'resided within the United States for years,' and most importantly, were determined to not be seeking admission or lawful entry into the United States." (Id. at PageID 53.) Respondent argues that, here, Petitioner "applied for entry" in September 2023, "lacked proper documentation" at that time, and "is an arriving alien," "therefore fall[ing] outside of the scope of" Lopez-Campos. (Id. at PageID 53–54.)

However, none of Respondent's arguments change the fact that Petitioner was released and paroled into, and has remained an interior resident of, the United States since September 2023. See Lopez-Campos, 175 F.4th at 723. Thus, he was not presently seeking admission, as argued by Respondent. (ECF No. 8 at PageID 54.) Indeed, like the petitioners in Lopez-Campos, Petitioner was impermissibly detained indefinitely under 8 U.S.C. § 1225(b) without the possibility of a bond hearing. See Lopez-Campos, 175 F.4th at 734. Instead, 8 U.S.C. § 1226(a) applies to Petitioner's detention, and he is entitled to a bond hearing.

Given that § 1226(a) applies, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without providing a bond hearing in accordance with § 1226(a) violated that liberty interest. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a)."). Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner from custody immediately, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A) or § 1225(b)(1)(A)(ii). Respondent is

further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 10th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE